# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RICHARD AARON HAYWOOD,

    Petitioner,

-vs-                                                    Case No. 8:09-cv-1293-T-30MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Richard Haywood ("Haywood") petitions for the writ of habeas corpus pursuant to Title 28 U.S.C. § 2254 (Dkt. 1). Haywood challenges his plea based convictions and sentences entered on December 12, 2005, by the Thirteenth Judicial Circuit, Hillsborough County, Florida. The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases (2009), and concludes that the petition is subject to summary dismissal as time-barred under 28 U.S.C. § 2244(d). *See Day v. McDonough,* 126 S.Ct. 1675, 1684 (2006) (district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions). *See also Jackson v. Sec. for the Dep't of Corrs.,* 292 F.3d 1347, 1348-49 (11th Cir. 2002) (before addressing the merits of a state prisoner's request for federal habeas relief, a district court may determine whether the petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA")).

**Petition Is Time-Barred**

The AEDPA created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review…." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

**Timeliness Analysis**

Haywood's convictions became final on January 11, 2006.[1] The AEDPA's limitation period expired one year later on January 11, 2007. Haywood filed a state Rule 3.850 motion for post-conviction relief on March 17, 2008 (Dkt. 1 at pg. 3). The 3.850 post-conviction motion, however, had no effect on the running of the AEDPA's limitation period as it was initiated well after the limitation period expired on January 11, 2007. *See Alexander v. Secretary, Dept. of Corrections*, 523 F.3d 1291, 1294 (11th Cir. 2008) ("While a 3.850

---

[1] Haywood's December 12, 2005 plea based judgment (Dkt. 1 at pg. 1) became final thirty days later on January 11, 2006, as he did not appeal the judgment (Id. at pg. 2). *See McGee v. State*, 684 So. 2d 241 (Fla. 2nd DCA 1996)(treating judgment and sentence upon entry of plea as final when time for appeal expired).

motion is a tolling motion under § 2244(d)(2), it could not toll the one-year limitations period if that period already had expired") (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Thus, the instant federal habeas petition, which Petitioner handed over to prison officials for mailing on July 7, 2009 (Dkt. 1 at pg. 1), is untimely as it was filed after expiration of the AEDPA's one-year limitation period.[2]

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). In the instant case, Haywood has neither argued nor shown that there are any extraordinary circumstances that are both beyond his control and unavoidable with diligence, and therefore he is not entitled to equitable tolling.

**Actual Innocence**

Haywood asserts in his petition that he is entitled to a review of his claims because he is actually innocent of the charges for which he was convicted (Dkt. 1 at pg. 26). "Neither the Supreme Court nor this Court has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period. *See Johnson v. Florida Dep't of Corr.*, 513 F.3d 1328, 1333 (11th Cir.2008) ("To date, this Court has avoided this

---

[2]Petitioner admits his petition is untimely (Dkt. 1 at pg. 26).

constitutional issue because no time-barred petitioner has made the requisite actual-innocence showing."). Before reaching this question, the petitioner must first make a sufficient showing of actual innocence." *Melson v. Allen*, 548 F.3d 993, 1002 (11th Cir. 2008).

Haywood has not demonstrated actual innocence. The Supreme Court has held that "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998)(citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Thus, to meet the actual innocence standard, a habeas petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (internal quotation marks and citation omitted). Furthermore, to make a sufficient showing of actual innocence, the petitioner must produce "'new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.'" *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

Haywood has not produced any "new reliable evidence" of his factual innocence. Instead, Haywood's claim of actual innocence is merely a challenge to both the sufficiency and reliability of the evidence, and the effectiveness of trial counsel. Haywood has failed to make a threshold showing of actual innocence.

ACCORDINGLY, the Court **ORDERS** that:

1. Haywood's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED**.

2. The **Clerk** is directed to terminate all pending motions and close this case.

3. If Haywood can show by record evidence that his petition is not time-barred, the Court will entertain a motion to reopen this case if Haywood files the motion on or before October 10, 2009.

**DONE** and **ORDERED** in Tampa, Florida on September 10, 2009.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copies to: Petitioner *pro se*
Counsel of Record